# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE COMMUNITY HEALTH SYSTEMS, INC. STOCKHOLDER DERIVATIVE LITIGATION | C.A. No. 19-1506-LPS (Consolidated) |

## MEMORANDUM ORDER

WHEREAS, on May 30, 2019, a securities class action was filed against Community Health Systems, Inc. ("CHSI" or the "Company") and some of its directors and officers in the Middle District of Tennessee, *see Padilla v. Community Health Systems, Inc.*, No. 3:19-cv-00461 (M.D. Tenn.) (the "Securities Action");

WHEREAS, on August 12, 2019, the first of these consolidated derivative actions were filed in this Court (collectively, the "Derivative Action")[1];

WHEREAS, on October 21, 2020, Defendants filed a motion to stay the Derivative Action (D.I. 14) pending resolution of a motion to dismiss the Securities Action;

WHEREAS, the Court has carefully considered the parties' briefing (*see generally* D.I. 15, 17, 18) and has determined that it is appropriate to decide Defendants' motion without a hearing;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' motion for a stay (D.I. 14) is **GRANTED**.

---

[1] The three consolidated actions are *Hussain v. Smith*, C.A. No. 19-1506-LPS (D. Del.); *Tanjavoor v. Smith*, C.A. No. 19-1617-LPS (D. Del.); and *Aronson v. Smith*, C.A. No. 20-587-LPS (D. Del.). Another case, *Roofers Local No. 149 Pension Fund v. Clerico*, C.A. No. 19-2062-LPS (D. Del.), was formerly consolidated with the three currently pending cases, but the parties subsequently stipulated to the dismissal of that case. (D.I. 19)

1.    The Court has considerable discretion in deciding a stay motion. *See, e.g., Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). In exercising that discretion, the Court typically considers three factors: (i) "whether a stay will simplify the issues for trial"; (ii) "whether discovery is complete and a trial date has been set"; and (iii) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017). The Court may also consider other factors, including "whether the moving party would face hardship or inequity in going forward with the litigation." *Id.* Ultimately, the Court should try to weigh all competing interests and "maintain an even balance." *Landis*, 299 U.S. at 254-55.

2.    A stay will likely simplify the issues in this case. Defendants persuasively explain that "[t]he core allegations in this action and the . . . Securities Action are substantially similar: both actions center on allegedly false and misleading statements concerning the Company's provision of 'bad debt,' the statements [that] the Company made about its financial condition in SEC filings and with investors and analysts, and the effect of those statements on the Company's stock price." (D.I. 15 at 5; *see also* D.I. 10 at 1 (consolidation stipulation acknowledging that Securities Action "involves some of the same parties and arises out of the same factual allegations")) Given the significant overlap, a stay of the Derivative Action will promote judicial efficiency. For example, if the Tennessee court dismisses the Securities Action, this case may be simplified considerably. Moreover, a stay would alleviate the tension between Plaintiffs bringing this case on CHSI's behalf while CHSI defends the Securities Action. *See, e.g., In re Twitter, Inc. S'holder Derivative Litig.*, 2018 WL 3536085, at *3 (D. Del. July 23, 2018), *report and recommendation adopted*, 2018 WL 4326986 (D. Del. Sept. 10, 2018).

Although Plaintiffs raise numerous issues that may remain in this case after resolution of the Securities Action (*see* D.I. 17 at 13), the Court would still undoubtedly benefit from the Tennessee court's analysis.

3. The stage of this case also favors a stay. This case is still in its earliest stages: Defendants have produced limited books and records under 8 Del. C. § 220, they have not yet responded to the complaint, formal discovery is not underway, and the trial date remains to be set. Indeed, there is not yet a scheduling order governing this case. (*See* D.I. 15 at 6) Because the Court and the parties have "invested relatively few resources" in this cases since it began, this factor "strongly favors" a stay. *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015); *see also UCB*, 277 F. Supp. 2d at 690-91. Although Plaintiffs object that they maybe be "forced to wait – possibly for years – to test the Complaint's sufficiency" (D.I. 17 at 18), they misconstrue the nature of Defendants' request. Defendants seek only a limited stay until the Tennessee court has the chance to rule on the motion to dismiss the Securities Action. (D.I. 15 at 7)

4. A stay would not cause any discernible prejudice to Plaintiffs. The Court does not find it prejudicial that the Tennessee court will issue its decision without reference to books and records obtained by Plaintiffs in this case (*see* D.I. 17 at 7-8) because this Court will necessarily base its future decisions on the record developed in this case. Plaintiffs' remaining arguments regarding prejudice rest on their recasting of Defendants' request as seeking an "indeterminate stay." (*See id.* at 8-11) Again, that is not a fully fair portrayal of Defendants' motion. Whenever the Tennessee court rules on the motion to dismiss the Securities Action, the parties and the Court may reassess

how this case should proceed.[2]

**IT IS FURTHER ORDERED** that, after the U.S. District Court for the Middle District of Tennessee rules on the motion to dismiss the Securities Action, the parties in this case shall meet and confer, and within 14 days, file a joint status report.

September 30, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[2] Defendants further argue that they would be prejudiced if the Court does not enter a stay. (*See* D.I. 18 at 4-7) That argument largely echoes their point about the inherent tension between securities class actions and derivative actions. (*See id.* at 4-5) Because the Court already considered this point with respect to the first factor, it need not do so again.